**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JWAN YAWER MCGREGOR, as Independent | ) | |
| Administrator of the Estate of SHWAN YAWER, | ) | |
| a Deceased person. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    1:16-cv-04956 |
| | ) | |
| THE CITY OF CHICAGO, a Municipal | ) | *Removed from the Circuit Court of* |
| Corporation, et. al. | ) | *Cook County, Case No. 15 L 5749* |
| | ) | |
| | ) | |
| Defendants. | ) | |

## THIRD AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, JWAN YAWER, as Independent Administrator of the Estate of SHWAN YAWER, a deceased person ("Plaintiff"), by and through her attorneys, ROMANUCCI & BLANDIN, LLC, and for Plaintiff's Third Amended Complaint at Law against Defendants, CITY OF CHICAGO, a municipal corporation, and DEFENDANT OFFICERS VINCENT BURCH #18253, WOJTASIK #17300, STILES #15304, NICK LYMPERIS #2666, BANKUS #6769, ANA RODRIGUEZ #7424, ANDREW MAZINTAS #7910, AVIS JAMISON #9772, and BRIAN SPAIN #21403 ("Defendants"), pleading hypothetically and in the alternative, states as follows:

## THE PARTIES

1.      Defendant, CITY OF CHICAGO, is a municipal corporation organized under the laws of the State of Illinois.

2.      On and before June 16, 2014, and at all relevant times, the Defendant, CITY OF CHICAGO, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Chicago Police Department.

1

3.     On and before June 16, 2014, and at all relevant times, Defendants BURCH #18253, WOJTASIK #17300, STILES #15304, LYMPERIS #2666, BANKUS #6769, RODRIGUEZ #7424, MAZINTAS #7910, JAMISON #9772 and SPAIN #21403 (hereinafter, "Defendant Officers") were Chicago Police Officers employed by the Defendant CITY OF CHICAGO Police Department.

4.     On and before June 16, 2014, and at all relevant times, when Defendant Officers were engaging in the complained of conduct, they were acting under color of law and in the course of their employment as Chicago Police Officers.

5.     At all relevant times, SHWAN YAWER was a citizen of the United States and a resident of Chicago, Cook County, Illinois.

6.     On June 18, 2018, SHWAN YAWER died at his home in Chicago, Illinoi, Cook County.

7.     Upon information and belief, SHWAN YAWER took his own life.

8.     Upon information and belief, SHWAN YAWER took his own life as a result of the traumatic events at issue in the Complaint and Amended Complaints in the instant case.

9.     Jwan Yawer McGregor, the mother of SHWAN YAWER, is the Independent Administrator of the Estate of SHWAN YAWER , a deceased person.

10.    Jwan Yawer McGregor, as Independent Administrator of the Estate of SHWAN YAWER , a deceased person, continues the claims of SHWAN YAWER in the instant suit.

**FACTS APPLICABLE TO ALL COUNTS**

11.    On June 16, 2014, in the early morning hours, SHWAN YAWER was walking home on North Halsted Street, Chicago, Cook County, Illinois.

12.     YAWER encountered two African American men on his walk home who asked YAWER to listen to music that they recorded.

13.     After listening to the two men's music, YAWER informed the men that he too creates music and invited the men back to his apartment to share songs that he created on his computer.

14.     After YAWER and the two men went to his apartment, located at 3444 N. Elaine Place, Chicago, Illinois, YAWER began playing songs that he created from his computer.

15.     After about 5 minutes of being in the apartment, one of the men asked to use the bathroom and YAWER informed the man that the bathroom is located upstairs.

16.     While one of the men was upstairs and the other man was sitting with YAWER, Bryan Kravitz, YAWER's roommate, came home and found one African American man in his room who he suspected of stealing his electronics.

17.     After the African American man left Kravitz's room, Kravitz called 911 and locked himself in his bedroom without giving YAWER any notice or warning that he called the police and reported an on-going robbery.

18.     The two African American men left the apartment prior to the police's arrival.

19.     Shortly after the two men left the apartment, police officers from the Chicago Police Department, including Defendant Officers, knocked on the door to YAWER's apartment.

20.     SHWAN YAWER, answered the door half way and asked why the police were there.

21.     The Defendant Officers told SHWAN YAWER that a robbery was in progress and forcibly pushed the door open and entered the apartment.

22.     YAWER was confused and unaware as to why the police were at his apartment because he did not have any notice that one of the African American men was stealing from his roommate, nor did YAWER know that his roommate called the police to report an ongoing robbery.

23.     Defendant Officers yelled at YAWER that they received a call from someone in the apartment that reported a robbery was in progress.

24.     The Defendant Officers yelled at SHWAN YAWER, and accused him of robbery despite YAWER's attempts to tell Defendant Offices that he lives in the apartment.

25.      YAWER attempted to explain that there were two African American men that were in the apartment that would have been the suspects who committed a robbery.

26.     SHWAN YAWER, also informed the Defendant Officers that he had anxiety and depression and took medications for these conditions.

27.     SHWAN YAWER, pleaded with Defendant Officers to allow him to show the Officers that his driver's license information matched information on bills to the apartment.

28.     The Defendant Officers did not listen to YAWER's pleadings and refused to let YAWER prove that he is on the lease and/or that YAWER lives in the apartment.

29.     In fear after being yelled at by Defendant Officers and wrongfully accused of robbery, YAWER's panic attack worsened and he began to talk very fast and had difficulty catching his breath.

30.     The Defendant Officers became angered with YAWER and one officer told YAWER to "shut the fuck up" and the Defendant Officers used derogatory remarks toward YAWER because of his foreign name, which was Kurdish.

31.     At this point, numerous officers were inside the apartment and YAWER found one of the Caucasian Defendant Officers searching through his room. Upon information and belief, the Caucasian Defendant Officer was WOJTASIK, MAZINTAS, or STILES.

32.     YAWER confronted the Caucasian Defendant Officer and told him that he has no right to search his room.

33.     Other Defendant Officers continued to antagonize YAWER because of his fear induced panic attack and foreign name.

34.     One of the Defendant Officers told SHWAN YAWER that he is going to be arrested and YAWER offered a final plea that he lives in the apartment and did not do anything wrong.

35.     YAWER and Defendant Officers WOJTASIK, MAZINTAS, STILES and/or BURCH began to verbally argue and one of these Defendant Officers instantly slammed YAWER to the ground.

36.     Defendant Officers WOJTASIK, MAZINTAS, STILES and/or BURCH slammed YAWER's head into the ground causing a large cut in YAWER's head from which he began bleeding profusely.

37.     The Defendant Officers then proceeded to aggressively and dangerously grab, push, kick, and batter SHWAN YAWER.

38.     One of the Defendant Officers then dragged SHWAN YAWER, down the stairs by his feet, which caused his head to hit each step.

39.     As a result of the trauma to SHWAN YAWER'S head, he was in and out of consciousness.

40. SHWAN YAWER, regained consciousness outside his apartment in the garden area inside the fence.

41. The Defendant Officers continued to aggressively and dangerously grab, push, kick, and batter SHWAN YAWER.

42. Defendant Officers WOJTASIK, MAZINTAS, STILES and/or BURCH dislocated Plaintiff's elbow causing permanent damage when he intentionally grabbed SHWAN YAWER'S arm and extended it in an unnatural position, and stated, "How does that feel, bitch?"

43. After YAWER was taken into custody, SHWAN YAWER was taken to the hospital for brief medical treatment for the cut on SHWAN YAWER'S head as a result of Defendant Officers' use of excessive force.

44. YAWER was then taken to a holding cell at the District 19 Police Station, located at 850 W. Addison Street, Chicago, Illinois.

45. For hours, SHWAN YAWER continued to complain about pain in his elbow and body but was refused treatment. After about or around 20 hours, Chicago police officers and/or sheriff's deputies could no longer deny the physical appearance of YAWER'S arm and body and sent him to a hospital for further medical treatment.

46. Without provocation or need in relation to the threat posed by SHWAN YAWER, Defendant Officers eventually transported or sent YAWER, who has no criminal background, to Division 10 at the Cook County Department of Corrections, which was a maximum security jail, where he was subjected to verbal abuse and threats.

47. SHWAN YAWER, spent several nights in the maximum security jail before he was released on bond.

48.     After being released from jail, SHWAN YAWER sought additional medical treatment for injuries sustained as a result of the excessive force used by Defendant Officers.

49.     Moreover, after brutally beating SHWAN YAWER, Defendant Officers charged Plaintiff with two felonies, aggravated battery against two peace officers, for allegedly striking Defendant Officers BURCH and LYMPERIS.

50.     After brutally beating SHWAN YAWER, Defendant Officers also charged Plaintiff with simple assault against Bryan Kravitz, and five counts of resisting/obstructing peace officers, namely, Defendant Officers BURCH, LYMPERIS, STILES, MAZINTAS, JAMISON, and RODRIGUEZ.

51.     SHWAN YAWER'S aggravated battery, resisting/obstructing peace officers, and simple assault charges were all dismissed in court.

52.     SHWAN YAWER was later charged with disorderly conduct, despite no legal basis for such charge.

### COUNT 1 –Willful and Wanton Conduct – Excessive Force – Wrongful Death
### (Plaintiff v. City of Chicago)

53.     Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 1 as though fully set forth herein.

54.     Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this cause of action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

55.     On June 16, 2014, in the early morning hours, DEFENDANT OFFICERS, acting as duly authorized agents of Defendant, CITY OF CHICAGO, undertook to interfere with and excessively restrain SHWAN YAWER at the aforesaid location.

56.     At said time and place, DEFENDANT OFFICERS restrained SHWAN YAWER through the use of unreasonable and dangerous physical force, without provocation.

57.     On June 16, 2014, and at all relevant times, the CITY OF CHICAGO Police Department, including its agents and employees, owed a duty to SHWAN YAWER to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

58.     On June 16, 2014, in breach of said duty, Defendant CITY OF CHICAGO, by and through its agents, employees and officers, was willful and wanton in one or more of the following respects:

> a) With an utter indifference and conscious disregard for safety, Defendant Officers used a level of force that Defendant knew, or should have known, was excessive;
>
> b) With an utter indifference and conscious disregard for safety, Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;
>
> c) With an utter indifference and conscious disregard for safety, Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER was not resisting the Defendant Officers;
>
> d) With an utter indifference and conscious disregard for safety, Defendant Officers dangerously and improperly twisted Plaintiff's arm when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;
>
> e) With an utter indifference and conscious disregard for safety, Defendant Officers used an unreasonable amount of force in relationship to the threat of force posed by the Plaintiff;
>
> f) With an utter indifference and conscious disregard for safety, Defendants used an unreasonable amount of force in attempting to detain an Emotionally Disturbed Person (EDP), i.e., the Plaintiff, despite the knowledge that Plaintiff was an EDP;

g) With an utter indifference and conscious disregard for safety, Defendant Officers failed to use less dangerous means of restraint on Plaintiff before using excessive force, as Plaintiff was not engaged in conduct that would justify such force;

h) With an utter indifference and conscious disregard for safety, Defendant Officers attempted to punish Plaintiff for perceived lack of cooperation by having him sent to a maximum security jail;

i) With an utter indifference and conscious disregard for safety, Defendant CITY OF CHICAGO failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

j) With an utter indifference and conscious disregard for safety, CITY OF CHICAGO failed to properly instruct, train and implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois; and/or

k) Was otherwise willful and wanton.

59. As a direct and proximate result of the foregoing wrongful acts, Plaintiff YAWER suffered permanent and severe damages, including physical injuries, emotional and psychological injuries, pain and suffering, medical expenses and death.

60. Illinois law provides that public entities, such as Defendant, CITY OF CHICAGO, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

61. At all relevant times, **DEFENDANT OFFICERS** were agents of Defendant CITY OF CHICAGO, and acting within the scope of his employment as a Chicago Police Officer. Therefore, Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by **DEFENDANT OFFICERS**.

62. The aforementioned conduct of Defendant CITY OF CHICAGO constituted excessive force in violation of the United States Constitution.

63.     The aforementioned conduct of Defendant Officers' constituted excessive force in violation of the United States Constitution.

64.     The aforementioned conduct of Defendant CITY OF CHICAGO was objectively unreasonable.

65.     The aforementioned conduct of Defendant Officers' was objectively unreasonable.

66.     The aforementioned acts of Defendant CITY OF CHICAGO were undertaken intentionally, willfully, with malice, and with reckless indifference to SHWAN YAWER's constitutional rights.

67.     The aforementioned acts of Defendant Officers' were undertaken intentionally, willfully, with malice, and with reckless indifference to SHWAN YAWER's constitutional rights.

68.     As a result of Defendant CITY OF CHICAGO's unjustified and excessive use of force, decedent SHWAN YAWER experienced conscious pain and suffering.

69.     As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced conscious pain and suffering.

70.     As a result of Defendant CITY OF CHICAGO's unjustified and excessive use of force, decedent SHWAN YAWER experienced a total loss of his natural life.

71.     As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced a total loss of his natural life.

72.     At the time of his death, Decedent, SHWAN YAWER, was survived by his mother Jwan Yawer McGregor and his brother, Dana Yawer, and his step-father, Walter McGregor.

73.    Decedent's next-of-kin were dependent upon the Decedent's services, support, society, companionship, love and affection, during and for the expected remainder of his life, of which they were deprived as a direct and proximate result of SHWAN YAWER'S death on June 18, 2018.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against Defendant, CITY OF CHICAGO, a municipal corporation, awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 2 – Willful and Wanton Conduct – Excessive Force – Survival Action
### (Plaintiff v. City of Chicago)

74.    Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 2 as though fully set forth herein.

75.    Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

76.    On June 16, 2014, in the early morning hours, DEFENDANT OFFICERS, acting as duly authorized agents of Defendant, CITY OF CHICAGO, undertook to interfere with and excessively restrain SHWAN YAWER at the aforesaid location.

77.    At said time and place, DEFENDANT OFFICERS restrained SHWAN YAWER through the use of unreasonable and dangerous physical force, without provocation.

78.    On June 16, 2014, and at all relevant times, the CITY OF CHICAGO Police Department, including its agents and employees, owed a duty to SHWAN YAWER to refrain

from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

79.     On June 16, 2014, in breach of said duty, Defendant CITY OF CHICAGO, by and through its agents, employees and officers, was willful and wanton in one or more of the following respects:

l)  With an utter indifference and conscious disregard for safety, Defendant Officers used a level of force that Defendant knew, or should have known, was excessive;

m)  With an utter indifference and conscious disregard for safety, Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;

n)  With an utter indifference and conscious disregard for safety, Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER was not resisting the Defendant Officers;

o)  With an utter indifference and conscious disregard for safety, Defendant Officers dangerously and improperly twisted Plaintiff's arm when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;

p)  With an utter indifference and conscious disregard for safety, Defendant Officers used an unreasonable amount of force in relationship to the threat of force posed by the Plaintiff;

q)   With an utter indifference and conscious disregard for safety, Defendants used an unreasonable amount of force in attempting to detain an Emotionally Disturbed Person (EDP), i.e., the Plaintiff, despite the knowledge that Plaintiff was an EDP;

r)  With an utter indifference and conscious disregard for safety, Defendant Officers failed to use less dangerous means of restraint on Plaintiff before using excessive force, as Plaintiff was not engaged in conduct that would justify such force;

s) With an utter indifference and conscious disregard for safety, Defendant Officers attempted to punish Plaintiff for perceived lack of cooperation by having him sent to a maximum security jail;

t) With an utter indifference and conscious disregard for safety, Defendant CITY OF CHICAGO failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

u) With an utter indifference and conscious disregard for safety, CITY OF CHICAGO failed to properly instruct, train and implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois; and/or

v) Was otherwise willful and wanton.

80. As a direct and proximate result of the foregoing wrongful acts, SHWAN YAWER suffered permanent and severe damages, including physical injuries, emotional and psychological injuries, past and future pain and suffering, and was forced to incur past and future medical expenses.

81. Illinois law provides that public entities, such as Defendant, CITY OF CHICAGO, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

82. At all relevant times, **DEFENDANT OFFICERS** were agents of Defendant CITY OF CHICAGO, and acting within the scope of his employment as a Chicago Police Officer. Therefore, Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by **DEFENDANT OFFICERS**.

83. The aforementioned conduct of Defendant CITY OF CHICAGO constituted excessive force in violation of the United States Constitution.

84. The aforementioned conduct of Defendant Officers' constituted excessive force in violation of the United States Constitution.

85.     The aforementioned conduct of Defendant CITY OF CHICAGO was objectively unreasonable.

86.     The aforementioned conduct of Defendant Officers' was objectively unreasonable.

87.     The aforementioned acts of Defendant CITY OF CHICAGO were undertaken intentionally, willfully, with malice, and with reckless indifference to SHWAN YAWER's constitutional rights.

88.     The aforementioned acts of Defendant Officers' were undertaken intentionally, willfully, with malice, and with reckless indifference to SHWAN YAWER's constitutional rights.

89.     As a result of Defendant CITY OF CHICAGO's unjustified and excessive use of force, decedent SHWAN YAWER experienced conscious pain and suffering.

90.     As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced conscious pain and suffering.

91.     As a result of Defendant CITY OF CHICAGO's unjustified and excessive use of force, decedent SHWAN YAWER experienced a total loss of his natural life.

92.     As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced a total loss of his natural life.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against Defendant, CITY OF CHICAGO, a municipal corporation, awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

## COUNT 3 –Willful and Wanton Conduct – Excessive Force – Wrongful Death
### (Plaintiff v. Defendant Officers)

93.     Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 3 as though fully set forth herein.

94.     Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this cause of action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

95.     On June 16, 2014, in the early morning hours, DEFENDANT OFFICERS, acting as duly authorized agents of Defendant, CITY OF CHICAGO, undertook to interfere with and excessively restrain SHWAN YAWER at the aforesaid location.

96.     At said time and place, DEFENDANT OFFICERS restrained SHWAN YAWER through the use of unreasonable and dangerous physical force, without provocation.

97.     On June 16, 2014, and at all relevant times, DEFENDANT OFFICERS owed a duty to SHWAN YAWER to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

98.     On June 16, 2014, in breach of said duty, DEFENDANT OFFICERS, by and through its agents, employees and officers, was willful and wanton in one or more of the following respects:

> a)  With an utter indifference and conscious disregard for safety, Defendant Officers used a level of force that Defendant knew, or should have known, was excessive;
>
> b)  With an utter indifference and conscious disregard for safety, Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;

15

c) With an utter indifference and conscious disregard for safety, Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER was not resisting the Defendant Officers;

d) With an utter indifference and conscious disregard for safety, Defendant Officers dangerously and improperly twisted Plaintiff's arm when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;

e) With an utter indifference and conscious disregard for safety, Defendant Officers used an unreasonable amount of force in relationship to the threat of force posed by the Plaintiff;

f) With an utter indifference and conscious disregard for safety, Defendants used an unreasonable amount of force in attempting to detain an Emotionally Disturbed Person (EDP), i.e.: the Plaintiff, despite the knowledge that Plaintiff was an EDP;

g) With an utter indifference and conscious disregard for safety, Defendant Officers failed to use less dangerous means of restraint on Plaintiff before using excessive force, as Plaintiff was not engaged in conduct that would justify such force;

h) With an utter indifference and conscious disregard for safety, Defendant Officers failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

i) With an utter indifference and conscious disregard for safety, Defendant Officers attempted to punish Plaintiff for perceived lack of cooperation by having him sent to a maximum security jail; and/or

j) Was otherwise willful and wanton.

99.     As a direct and proximate result of the foregoing wrongful acts, SHWAN YAWER suffered permanent and severe damages, including physical injuries, emotional and psychological injuries, pain and suffering, medical expenses and death.

100.    As a direct and proximate result of the foregoing wrongful acts, SHWAN YAWER suffered the loss of his natural life.

101.     The aforementioned conduct of the Defendant Officers constituted excessive force in violation of the United States Constitution.

102.     The aforementioned conduct of Defendant Officers constituted excessive force in violation of the United States Constitution.

103.     The aforementioned conduct of Defendant Officers was objectively unreasonable.

104.     The aforementioned acts of Defendant Officers were undertaken intentionally, willfully, with malice, and with reckless indifference to SHWAN YAWER's constitutional rights.

105.     The aforementioned acts of Defendant Officers were undertaken intentionally, willfully, with malice, and with reckless indifference to SHWAN YAWER's constitutional rights.

106.     As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced conscious pain and suffering.

107.     As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced conscious pain and suffering.

108.     As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced a total loss of his natural life.

109.     As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced a total loss of his natural life.

110.     At the time of his death, Decedent, SHWAN YAWER, was survived by his mother Jwan Yawer McGregor and his brother, Dana Yawer, and his step-father, Walter McGregor.

111.    Decedent's next-of-kin were dependent upon the Decedent's services, support, society, companionship, love and affection, during and for the expected remainder of his life, of which they were deprived as a direct and proximate result of SHWAN YAWER'S death on June 18, 2018.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against DEFENDANT OFFICERS awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

**COUNT 4 –Willful and Wanton Conduct – Excessive Force – Survival Action**
**(Plaintiff v. Defendant Officers)**

112.    Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 4 as though fully set forth herein.

113.    Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

114.    On June 16, 2014, in the early morning hours, DEFENDANT OFFICERS, acting as duly authorized agents of Defendant, CITY OF CHICAGO, undertook to interfere with and excessively restrain SHWAN YAWER at the aforesaid location.

115.    At said time and place, DEFENDANT OFFICERS restrained SHWAN YAWER through the use of unreasonable and dangerous physical force, without provocation.

116.    On June 16, 2014, and at all relevant times, DEFENDANT OFFICERS owed a duty to SHWAN YAWER to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

18

117. On June 16, 2014, in breach of said duty, DEFENDANT OFFICERS, by and through its agents, employees and officers, was willful and wanton in one or more of the following respects:

k) With an utter indifference and conscious disregard for safety, Defendant Officers used a level of force that Defendant knew, or should have known, was excessive;

l) With an utter indifference and conscious disregard for safety, Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;

m) With an utter indifference and conscious disregard for safety, Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER was not resisting the Defendant Officers;

n) With an utter indifference and conscious disregard for safety, Defendant Officers dangerously and improperly twisted Plaintiff's arm when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;

o) With an utter indifference and conscious disregard for safety, Defendant Officers used an unreasonable amount of force in relationship to the threat of force posed by the Plaintiff;

p) With an utter indifference and conscious disregard for safety, Defendants used an unreasonable amount of force in attempting to detain an Emotionally Disturbed Person (EDP), i.e.: the Plaintiff, despite the knowledge that Plaintiff was an EDP;

q) With an utter indifference and conscious disregard for safety, Defendant Officers failed to use less dangerous means of restraint on Plaintiff before using excessive force, as Plaintiff was not engaged in conduct that would justify such force;

r) With an utter indifference and conscious disregard for safety, Defendant Officers failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

s) With an utter indifference and conscious disregard for safety, Defendant Officers attempted to punish Plaintiff for perceived lack of cooperation

by having him sent to a maximum security jail; and/or

t) Was otherwise willful and wanton.

118.    As a direct and proximate result of the foregoing wrongful acts, SHWAN YAWER suffered permanent and severe damages, including physical injuries, emotional and psychological injuries, past and future pain and suffering, and was forced to incur past and future medical expenses.

119.    As a direct and proximate result of the foregoing wrongful acts, SHWAN YAWER suffered the loss of his natural life.

120.    The aforementioned conduct of Defendant Officers constituted excessive force in violation of the United States Constitution.

121.    The aforementioned conduct of Defendant Officers was objectively unreasonable.

122.    The aforementioned acts of Defendant Officers were undertaken intentionally, willfully, with malice, and with reckless indifference to SHWAN YAWER's constitutional rights.

123.    The aforementioned acts of Defendant Officers were undertaken intentionally, willfully, with malice, and with reckless indifference to SHWAN YAWER's constitutional rights.

124.    As a result of Defendant Officers unjustified and excessive use of force, decedent SHWAN YAWER experienced conscious pain and suffering.

125.    As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced a total loss of his natural life.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against

DEFENDANT OFFICERS awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 5 –Willful and Wanton Conduct – Malicious Prosecution – Survival Action
**(Plaintiff v. City of Chicago)**

126.     Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 5 as though fully set forth herein.

127.     Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

128.     Defendant CITY OF CHICAGO, by and through its agents, employees and officers, including DEFENDANT OFFICERS, willfully and wantonly initiated legal proceedings against Plaintiff, SHWAN YAWER, and/or caused these legal proceedings to continue against him, without just cause.

129.     With malice, willfulness, and/or reckless indifference to SHWAN YAWER's rights, Defendant CITY OF CHICAGO, by and through its agents, employees and officers, including DEFENDANT OFFICERS, created false and/or inaccurate police reports, and falsely charged SHWAN YAWER with several crimes, including aggravated battery, resisting arrest/obstructing peace officers, assault, and disorderly conduct.

130.     In addition, Defendant, CITY OF CHICAGO, by and through by and through its agents, employees and officers, including DEFENDANT OFFICERS, gave false accounts regarding the incident/investigation to other police officers and/or prosecutors and/or fabricated evidence.

131. As a direct and proximate result of Defendant's malicious prosecution, SHWAN YAWER was deprived of his liberty and suffered damages, including financial, physical, emotional and psychological injuries and death.

132. As a direct and proximate result of the foregoing wrongful acts of the Defendants and of Defendant's malicious prosecution, SHWAN YAWER suffered damages, including the loss of his natural life.

133. The actions of the Defendants in maliciously prosecuting SHWAN YAWER constituted a violation of his rights under Illinois law to be free from malicious prosecution without probable cause and caused the above-described injuries.

134. Illinois law provides that public entities, such as Defendant, CITY OF CHICAGO, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

135. At all relevant times, DEFENDANT OFFICERS were agents of Defendant CITY OF CHICAGO, and acting within the scope of their employment as Chicago Police Officers. Therefore, Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by DEFENDANT OFFICERS.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against Defendant, CITY OF CHICAGO, a Municipal Corporation, awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 6 – Willful and Wanton Conduct – Malicious Prosecution – Survival Action
#### (Plaintiff v. Defendant Officers)

136. Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the

22

Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 6 as though fully set forth herein.

137. Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

138. DEFENDANT OFFICERS willfully and wantonly initiated legal proceedings against Plaintiff, SHWAN YAWER, and/or caused these legal proceedings to continue against him, without just cause.

139. With malice, willfulness, and/or reckless indifference to SHWAN YAWER's rights, DEFENDANT OFFICERS created false and/or inaccurate police reports, and falsely charged SHWAN YAWER with several crimes, including aggravated battery, resisting arrest/obstructing peace officers, assault, and disorderly conduct.

140. In addition, DEFENDANT OFFICERS gave false accounts regarding the incident/investigation to other police officers and/or prosecutors and/or fabricated evidence.

141. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff SHWAN YAWER was deprived of his liberty and suffered damages, including financial, physical, emotional and psychological injuries.

142. As a direct and proximate result of the foregoing wrongful acts of the Defendants and of Defendant's malicious prosecution, SHWAN YAWER suffered among other damages, the loss of his natural life.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against

DEFENDANT OFFICERS awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 7 – Battery – Wrongful Death
### (Plaintiff v. City of Chicago)

143.    Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 7 as though fully set forth herein.

144.    Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this cause of action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

145.    DEFENDANT OFFICERS willfully and wantonly battered SHWAN YAWER when DEFENDANT OFFICERS aggressively grabbed, shoved, kicked and battered him, without provocation.

146.    While DEFENDANT OFFICERS were battering Plaintiff, DEFENDANT OFFICERS were acting within the course and scope of their employment with the Defendant CITY OF CHICAGO Police Department.

147.    Illinois law provides that public entities, such as Defendant, CITY OF CHICAGO, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

148.    At all relevant times, DEFENDANT OFFICERS were agents of Defendant CITY OF CHICAGO, and acting within the scope of their employment as Chicago Police Officers. Therefore, Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by DEFENDANT OFFICERS based on the theory of *respondeat superior*.

149.    As a result of the actions described in this Complaint, Plaintiff suffered damages,

including physical and emotional injuries, past and future medical expenses, and pain and suffering.

150.    As a direct and proximate result of the foregoing wrongful acts of the Defendants, SHWAN YAWER suffered the loss of his natural life.

151.    As a direct and proximate result of Defendant's malicious prosecution, SHWAN YAWER was deprived of his liberty and suffered damages, including financial, physical, emotional and psychological injuries and death.

152.    At the time of his death, Decedent, SHWAN YAWER, was survived by his mother Jwan Yawer McGregor and his brother, Dana Yawer, and his step-father, Walter McGregor.

153.    Decedent's next-of-kin were dependent upon the Decedent's services, support, society, companionship, love and affection, during and for the expected remainder of his life, of which they were deprived as a direct and proximate result of SHWAN YAWER'S death on June 18, 2018.

154.    WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against Defendant, CITY OF CHICAGO, a Municipal Corporation, awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 8 – Battery – Survival Action
**(Plaintiff v. City of Chicago)**

155.    Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 8 as though fully set forth herein.

156.     Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

157.     DEFENDANT OFFICERS willfully and wantonly battered SHWAN YAWER when DEFENDANT OFFICERS aggressively grabbed, shoved, kicked and battered him, without provocation.

158.     While DEFENDANT OFFICERS were battering Plaintiff, DEFENDANT OFFICERS were acting within the course and scope of their employment with the Defendant CITY OF CHICAGO Police Department.

159.     Illinois law provides that public entities, such as Defendant, CITY OF CHICAGO, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

160.     At all relevant times, DEFENDANT OFFICERS were agents of Defendant CITY OF CHICAGO, and acting within the scope of their employment as Chicago Police Officers. Therefore, Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by DEFENDANT OFFICERS based on the theory of *respondeat superior*.

161.     As a result of the actions described in this Complaint, Plaintiff suffered damages, including physical and emotional injuries, past and future medical expenses, and pain and suffering.

162.     As a direct and proximate result of the foregoing wrongful acts of the Defendants, SHWAN YAWER suffered the loss of his natural life.

163.     WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter

judgment against Defendant, CITY OF CHICAGO, a Municipal Corporation, awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 9 – Battery – Wrongful Death
**(Plaintiff v. Defendant Officers)**

164.    Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 47 as and for paragraphs 1 through 47 of Count 9 as though fully set forth herein.

165.    Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this cause of action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

166.    DEFENDANT OFFICERS willfully and wantonly battered SHWAN YAWER when DEFENDANT OFFICERS aggressively grabbed, shoved, kicked and battered him, without provocation.

167.    While DEFENDANT OFFICERS were battering Plaintiff, DEFENDANT OFFICERS were acting within the course and scope of their employment with the Defendant CITY OF CHICAGO Police Department.

168.    These acts constituted harmful and unlawful touching of YAWER's person and were conducted without YAWER's consent.

169.    As a direct and proximate result of Defendant's malicious prosecution, SHWAN YAWER was deprived of his liberty and suffered damages, including financial, physical, emotional and psychological injuries and death.

170.     At the time of his death, Decedent, SHWAN YAWER, was survived by his mother Jwan Yawer McGregor and his brother, Dana Yawer, and his step-father, Walter McGregor.

171.     Decedent's next-of-kin were dependent upon the Decedent's services, support, society, companionship, love and affection, during and for the expected remainder of his life, of which they were deprived as a direct and proximate result of SHWAN YAWER'S death on June 18, 2018.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against DEFENDANT OFFICERS awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 10 – Battery – Survival Action
### (Plaintiff v. Defendant Officers)

172.     Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 47 as and for paragraphs 1 through 47 of Count 10 as though fully set forth herein.

173.     Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

174.     DEFENDANT OFFICERS willfully and wantonly battered SHWAN YAWER when DEFENDANT OFFICERS aggressively grabbed, shoved, kicked and battered him, without provocation.

175.     While DEFENDANT OFFICERS were battering SHWAN YAWER, DEFENDANT OFFICERS were acting within the course and scope of their employment with

28

the Defendant CITY OF CHICAGO Police Department.

176.    These acts constituted harmful and unlawful touching of YAWER's person and were conducted without YAWER's consent.

177.    As a result of the actions described in this Complaint, SHWAN YAWER suffered damages, including physical and emotional injuries, past and future medical expenses, and pain and suffering.

178.    As a direct and proximate result of the foregoing wrongful acts of the Defendants, SHWAN YAWER suffered the loss of his natural life.

179.    At the time of his death, Decedent, SHWAN YAWER, was survived by his mother Jwan Yawer McGregor and his brother, Dana Yawer, and his step-father, Walter McGregor.

180.    Decedent's next-of-kin were dependent upon the Decedent's services, support, society, companionship, love and affection, during and for the expected remainder of his life, of which they were deprived as a direct and proximate result of SHWAN YAWER'S death on June 18, 2018.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against DEFENDANT OFFICERS awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 11 – 42 U.S.C. §1983 – Excessive Force
**(Plaintiff v. Defendant Officers)**

181.    Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 11 as though fully set forth herein.

182.    On June 16, 2014, in the early morning hours, DEFENDANT OFFICERS, acting as duly authorized agents of Defendant, CITY OF CHICAGO, were acting in the course of their employment and under color of state law.

183.    At said time and place, it was the duty of DEFENDANT OFFICERS, individually and as an officer, agent, and/or employee of the CITY OF CHICAGO, to refrain from using unreasonable force against others, including SHWAN YAWER.

184.    On June 16, 2014, in breach of said duty, DEFENDANT OFFICERS, individually and as an officer, agent, and/or employee of the CITY OF CHICAGO, used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

     a)  Defendant Officers used a level of force that Defendant knew, or should have known, was excessive;

     b)  Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;

     c)  Defendant Officers aggressively and dangerously grabbed, pushed, battered, and threw SHWAN YAWER to the ground when the Defendant Officers knew that SHWAN YAWER was not resisting the Defendant Officers;

     d)  Defendant Officers dangerously and improperly twisted Plaintiff's arm when the Defendant Officers knew that SHWAN YAWER posed no threat of harm to Defendant Officers or to any other person;

     e)  Defendant Officers used an unreasonable amount of force in relationship to the threat of force posed by the Plaintiff;

     f)  Defendants used an unreasonable amount of force in attempting to detain an Emotionally Disturbed Person (EDP), i.e.: the Plaintiff, despite the knowledge that Plaintiff was an EDP;

g) Officers failed to use less dangerous means of restraint on Plaintiff before using excessive force, as Plaintiff was not engaged in conduct that would justify such force;

h) Defendant Officers failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois; and/or

i) Defendant Officers attempted to punish Plaintiff for perceived lack of cooperation by having him sent to a maximum security jail.

185. At all times relevant, the aforementioned conduct of DEFENDANT OFFICERS, constituted unreasonable excessive force in violation of the United States Constitution.

186. The actions of DEFENDANT OFFICERS were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff YAWER's constitutional rights.

187. The actions of DEFENDANT OFFICERS would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that DEFENDANT OFFICERS used such force.

188. The actions of DEFENDANT OFFICERS were undertaken with malice, willfulness, and reckless indifference to the rights of SHWAN YAWER .

189. As a direct and proximate result of DEFENDANT OFFICERS' unreasonable and excessive use of force, SHWAN YAWER suffered permanent and severe damages, including physical injuries, emotional and psychological injuries, pain and suffering, and medical expenses, and legal bills and death.

190. As a result of Defendant CITY OF CHICAGO's unjustified and excessive use of force, decedent SHWAN YAWER experienced a total loss of his natural life.

191.    As a result of Defendant Officers' unjustified and excessive use of force, decedent SHWAN YAWER experienced a total loss of his natural life.

192.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against DEFENDANT OFFICERS awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 12 – 42 U.S.C. §1983 – Failure to Intervene
### (Plaintiff v. Defendant Officers)

193.    Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 12 as though fully set forth herein.

194.    On June 16, 2014, in the early morning hours, DEFENDANT OFFICERS, acting as duly authorized agents of Defendant, CITY OF CHICAGO, were acting in the course of their employment and under color of state law.

195.    At said time and place, DEFENDANT OFFICERS, individually and as an officer, agent, and/or employee of the CITY OF CHICAGO, violated SHWAN YAWER's Constitutional rights as set forth above.

196.    At said time and place, DEFENDANT OFFICERS, individually and as an officer, agent, and/or employee of the CITY OF CHICAGO, had a duty to intervene to prevent the unreasonable and excessive use of force by DEFENDANT OFFICERS against SHWAN YAWER .

197.    At said time and place, DEFENDANT OFFICERS, individually and as an officer, agent, and/or employee of the CITY OF CHICAGO had a reasonable opportunity to prevent the

violation of had they been so inclined.

198. At said time and place, DEFENDANT OFFICERS, individually and as an officer, agent, and/or employee of the CITY OF CHICAGO failed to intervene to stop the violation of SHWAN YAWER 's Constitutional rights.

199. The actions of DEFENDANT OFFICERS were objectively unreasonable and were undertaken intentionally with willful indifference to SHWAN YAWER 's constitutional rights.

200. The actions of DEFENDANT OFFICERS would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that DEFENDANT OFFICERS failed to intervene.

201. The actions of DEFENDANT OFFICERS were undertaken with malice, willfulness, and reckless indifference to the rights of SHWAN YAWER .

202. As a direct and proximate result of DEFENDANT OFFICERS' failure to intervene, SHWAN YAWER suffered permanent and severe damages, including physical injuries, emotional and psychological injuries, pain and suffering, and medical expenses, and legal bills and death.

203. As a direct and proximate result of the foregoing wrongful acts of the Defendants, SHWAN YAWER suffered the loss of his natural life.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against DEFENDANT OFFICERS whose constitutional violations, civil rights violations, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries, and for all damages allowed

by law including compensatory damages, punitive damages, costs and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

**COUNT 13 – 42 U.S.C. §1983 – False Arrest**
**(Plaintiff v. Defendant Officers)**

204.    Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 13 as though fully set forth herein.

205.    On June 16, 2014, in the early morning hours, DEFENDANT OFFICERS, acting as duly authorized agents of Defendant, CITY OF CHICAGO, were acting in the course of their employment and under color of state law.

206.    DEFENDANT OFFICERS violated SHWAN YAWER's Constitutional rights by arresting him for several crimes and offenses, including aggravated battery, resisting arrest/obstructing peace officers, assault, and disorderly conduct.

207.    As described in the preceding paragraphs, the conduct of the DEFENDANT OFFICERS, acting under the color of state law, constituted an unlawful arrest of the SHWAN YAWER in violation of the United States Constitution.

208.    The actions of DEFENDANT OFFICERS were objectively unreasonable and were undertaken intentionally with willful indifference to SHWAN YAWER'S constitutional rights.

209.    The actions of DEFENDANT OFFICERS would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that DEFENDANT OFFICERS unlawfully arrested Plaintiff.

210.    The actions of DEFENDANT OFFICERS were undertaken with malice, willfulness, and reckless indifference to the rights of SHWAN YAWER .

211.    As a direct and proximate result of Defendant's unlawful arrest, SHWAN YAWER was deprived of his liberty and suffered damages, including physical, emotional and psychological injuries.

212.    As a direct and proximate result of the foregoing wrongful acts of the Defendants, SHWAN YAWER suffered the loss of his natural life.

WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against DEFENDANT OFFICERS whose constitutional violations, civil rights violations, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries, and for all damages allowed by law including compensatory damages, punitive damages, costs and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

## COUNT 14 – 42 U.S.C. §1983 – Malicious Prosecution
### (Plaintiff v. Defendant Officers)

213.    Plaintiff JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, hereby adopts and re-alleges paragraphs 1 through 52 as and for paragraphs 1 through 52 of Count 14 as though fully set forth herein.

214.    On June 16, 2014, in the early morning hours, DEFENDANT OFFICERS, acting as duly authorized agents of Defendant, CITY OF CHICAGO, were acting in the course of their employment and under color of state law.

215.    DEFENDANT OFFICERS initiated legal proceedings against YAWER, and/or caused these legal proceedings to continue against him, without just cause.

216.    With malice, willfulness, and/or reckless indifference to YAWER'S rights, DEFENDANT OFFICERS created false and/or inaccurate police reports, and falsely charged

Plaintiff with several crimes and offenses, including aggravated battery, resisting arrest/obstructing peace officers, assault, and disorderly conduct.

217.     In addition, DEFENDANT OFFICERS gave false accounts regarding the incident/investigation to other police officers and/or prosecutors and/or fabricated evidence.

218.     The legal proceedings against SHWAN YAWER for the charges were promptly terminated in his favor, in a manner indicative of innocence.

219.     As a direct and proximate result of Defendants' malicious prosecution, SHWAN YAWER was deprived of his liberty and suffered damages, including financial, physical and emotional injuries.

220.     The actions of the DEFENDANT OFFICERS in maliciously prosecuting SHWAN YAWER was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from malicious prosecution and his right under the Fourteenth Amendment of the United States to due process of law.

221.     As a direct and proximate result of the foregoing wrongful acts of the Defendants, SHWAN YAWER suffered the loss of his natural life.


WHEREFORE, Plaintiff, JWAN YAWER McGREGOR, as Independent Administrator of the Estate of SHWAN YAWER, respectfully requests that this Court enter judgment against DEFENDANT OFFICERS whose constitutional violations, civil rights violations, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries, and for all damages allowed by law including compensatory damages, punitive damages, costs and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

___/s/Martin D. Gould_____
Attorney for Plaintiff

Antonio M. Romanucci
Bhavani Raveendran
Debra Thomas
Martin D. Gould
Nicolette Ward
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
(312) 458-1000
(312) 458-1004 *facsimile*
Attorney No.: 6190290
aromanucci@rblaw.net
mgould@rblaw.net
dthomas@rblaw.net
nward@rblaw.net
braveendran@rblaw.net