UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JWAN YAWER McGREGOR, as Independent Administrator for the estate of Shwan Yawer, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 16-cv-4956 |
| v. | ) ) | Hon. Jorge L. Alonso |
| CITY OF CHICAGO, VINCENT BURCH, JAY WOJTASIK, LAURENCE T. STILES, NICK LYMPERIS, RICHARD BANKUS, ANA RODRIGUEZ, ANDREW MAZINTAS, AVIS JAMISON, and BRIAN SPAIN, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Original plaintiff Shwan Yawer ("Yawer") filed a ten-count second amended complaint against defendants City of Chicago and nine individual officers involved with his arrest. Defendants moved for summary judgment on four of the ten counts. After defendants filed their motion for summary judgment, Yawer died. The Court allowed Yawer's mother, Jwan Yawer McGregor ("McGregor"), to substitute for Yawer as plaintiff and to file a third amended complaint, in which McGregor added four counts for wrongful death. The parties have since fully briefed the motion for summary judgment. What was originally a motion for summary judgment as to Counts III, IV, IX and X of the second amended complaint is, in effect, a motion for summary judgment as to Counts V, VI, XIII and XIV of the third amended complaint. For the reasons set forth below, the Court grants defendants' motion for summary judgment [76].

I.   BACKGROUND

The following facts are undisputed unless otherwise noted.[1]

On June 16, 2014 at about 2:00 a.m., plaintiff Shwan Yawer ("Yawer"), a then-22-year-old man who had, in his life, suffered from anxiety and depression, was walking home when he encountered two men rapping and singing in the street. Yawer invited the men to the apartment he shared with roommates in the Lakeview neighborhood of Chicago.

Yawer's roommates were less enchanted than was Yawer with the idea of Yawer's bringing strangers into the apartment. When Yawer's roommate Bryan Kravitz ("Kravitz") returned home, he noticed one of the strangers in his room attempting to steal his property. Kravitz left the apartment and telephoned 911 to report the attempted theft.

Several Chicago Police Officers, including Vincent Burch ("Officer Burch"), Avis Jameson ("Officer Jameson")[2] and Ana Rodriguez ("Officer Rodriguez") arrived at the apartment. The parties have not put into the record many details about what happened next (which makes sense given the limited scope of the motion for summary judgment). It is clear that Yawer answered the door and spoke to the Officers. At some point, Kravitz returned and

---

[1] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). The Court does not consider any facts that parties failed to include in their statements of fact, because to do so would rob the other party of the opportunity to show that the fact is disputed.

[2] On the caption, Jameson's last name is spelled Jamison. In defendants' statement of facts, defendants spell defendant's name Jameson. The Court assumes Jameson's own attorney is spelling his name properly and, thus, refers to defendant Jamison as Jameson.

tried to explain to Yawer that the strangers were stealing from them. Yawer accused Kravitz of being racist for calling the police. Plaintiff put forth evidence that, at this point, Yawer did not verbally threaten Kravitz, but Kravitz testified that Yawer's demeanor was "pretty threatening."

At some point and for reasons not made clear in the record, the police officers and Yawer had a physical altercation that resulted Yawer's being handcuffed. After Yawer was handcuffed, Yawer threatened to beat up Kravitz. At the time Yawer verbally threatened Kravitz, Kravitz was not in fear that Yawer would batter him. Yawer was taken away in a squad car (by whom, the parties do not say), and remaining officers asked Kravitz if he wanted to press charges. After his arrest, Yawer spent five days in the Cook County Jail.

Yawer was charged with aggravated battery to a police officer, resisting arrest and assault. On July 8, 2014, Yawer appeared before a Cook County Judge with his attorney. At the beginning of the hearing, the Judge's clerk noted that Count 2 against Yawer had been *nolle prosequi*ed on June 26, 2014. The record contains no evidence as to why that count was *nolle prosequi*ed. At the July 8, 2014 hearing, the attorneys informed the Judge that Yawer and his attorney had reached a plea agreement with the States Attorney's office. Under the agreement, the States Attorney agreed to drop all but one charge against Yawer and to amend one misdemeanor charge to a charge of disorderly conduct in exchange for a plea of guilty and a sentencing recommendation of one year of supervision, 40 hours of community service and a fine of $217.00. Yawer stipulated to the facts in the complaint and pleaded guilty. With respect to the charge of disorderly conduct, the complaint stated Yawer had "knowingly provoked a breach of the peace in an unreasonable matter." The remaining claims were dropped *nolle prosequi*. The Judge accepted the States Attorney's recommendation as to sentence.

## II.	STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.	DISCUSSION

### A.	Plaintiff's claims for malicious prosecution under state law

In Counts V and VI of the third amended complaint, plaintiff seeks relief for state-law claims for malicious prosecution. Count VI is against the officers, and Count V is a claim for indemnification against the City of Chicago. Defendants move for summary judgment on the grounds that plaintiff cannot establish that the claims against Yawer were terminated under circumstances indicative of his innocence.

To establish a claim for malicious prosecution under Illinois law, a plaintiff must establish: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Swick v. Liautaud*, 169 Ill.2d 504, 512 (Ill. S.Ct. 1996). Naturally, a

plaintiff must establish each element in order to prevail. *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001) ("All of these elements must be present; the absence of even one element will preclude recovery for malicious prosecution.").

Defendants move for summary judgment on the grounds that plaintiff cannot and has not put forth sufficient evidence to survive summary judgment as to the second element. The Illinois Supreme Court has said, "[i]n regard to the second element, a malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Swick*, 169 Ill.2d at 512. In this case, most of the claims against Yawer ended via *nolle prosequi*, which "'is not a final disposition of a case, but . . . is a procedure which reverts the matter to the same condition which existed before the commencement of the prosecution.'" *Swick*, 169 Ill.2d at 512-13 (quoting *People v. Woolsey*, 139 Ill.2d 157, 163 (Ill. S.Ct. 1990)). In *Swick*, the Illinois Supreme Court held that:

> [o]nly when a plaintiff establishes that the *nolle prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof. . . . Otherwise, every time criminal charges were nol-prossed a civil malicious prosecution action could result.

*Swick*, 169 Ill.2d at 513-14.

In this case, in connection with an agreement in which Yawer pleaded guilty, the States Attorney agreed to drop most of the charges against Yawer via *nolle prosequi*. When a defendant pleads guilty to one (or more) charges in exchange for having others dropped via *nolle prosequi*, the *nolle prosequi* does not indicate the defendant's innocence. *Swick*, 169 Ill.2d at 513 ("The abandonment of proceedings is not indicative of the innocence of the accused when the *nolle prosequi* is the result of an agreement or compromise with the accused."). Thus, the Court agrees that plaintiff cannot prevail on a claim for malicious prosecution as to those claims. Plaintiff seems to be arguing that even though he pleaded guilty, the prosecutor would have had

5

to drop some charges anyway due to lack of evidence. The Seventh Circuit, however, has rejected the argument that courts can look behind a plea agreement to consider what might have happened to the charges had an agreement not been reached. *Bridewell v. Eberle*, 730 F.3d 672, 677 (7th Cir. 2013) (affirming summary judgment in favor of defendants on malicious prosecution claim where plaintiff had pleaded guilty); *see also Jackson v. City of Chi.*, Case No. 14 C 6746, 2017 WL 8199322 at *4 (N.D. Ill. Dec. 12, 2017).

Plaintiff also argues that, on June 24, 2014, before the plea agreement, count 2 was dropped via *nolle prosequi*. Plaintiff has put forth no evidence as to why prosecutors dropped that claim via *nolle prosequi*. Nonetheless, plaintiff seems to be arguing that the Court can assume, without evidence, that the claim was dropped due to the failure of a witness to appear in court. That is not the law. The law is that plaintiff bears the burden of proving that the "circumstances surrounding the cessation of the criminal proceedings . . . compel an inference that reasonable grounds to pursue the criminal prosecution were lacking," and that a "bare nolle prosse without more is not indicative of innocence." *Washington v. Summerville*, 127 F.3d 552, 557 & 558 (7th Cir. 1997). "Lack of a recorded reason for the nolle prosequi offers no insight as" to whether it is indicative of innocence. *Washington*, 127 F.3d at 558 (affirming summary judgment in favor of defendants); *see also Rattray v. Caudill*, Case No. 14 CV 8735, 2016 WL 5848913 at *3 (N.D. Ill. Oct. 6, 2016) ("[T]he certified statement of disposition states, 'nolle prosequi' but does not provide a reason for why it was entered[.] . . . This is not sufficient evidence to survive summary judgment). Plaintiff has not put forth evidence that the June 24, 2014 entry of *nolle prosequi* is indicative of Yawer's innocence.

Defendants have established that they are entitled to judgment as a matter of law on Counts V and VI of the third amended complaint. Defendants' motion for summary judgment is granted as to those claims.

**B.      Plaintiff's claim for false arrest**

In Count XIII of the third amended complaint, plaintiff seeks relief against defendants under § 1983 for false arrest. A claim for false arrest is precluded where the arresting officer had "probable cause to believe that a person has committed *any* crime." *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007). As the Seventh Circuit explained in *Holmes*:

> [a]n arrested person is no more seized when he is arrested on three grounds rather than one; and so long as there is *a* reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed.

*Holmes*, 511 F.3d at 682. Defendants argue that they necessarily had probable cause to arrest Yawer, because Yawer pleaded guilty to disorderly conduct, which conduct they had witnessed.

As defendants point out, plaintiff did not respond to defendants' motion for summary judgment as to Count XIII. Accordingly, the Court deems this claim abandoned. *See Little v. Mitsubishi Motors North Amer., Inc.*, 261 Fed. Appx. 901, 903 (7th Cir. 2008) (failure "to present facts or develop any legal arguments" in response to motion for summary judgment constituted abandonment of claims); *see also Burton v. Board of Regents of the Univ. of Wis. Sys.*, 851 F.3d 690, 695 (7th Cir. 2017) ("[I]t is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If the [nonmoving party] does not do so, and loses the motion, it cannot raise such reasons on appeal.") (citations omitted). Thus, defendants are granted summary judgment as to Count XIII.

### C. Plaintiff's § 1983 malicious prosecution claim

In Count XIV of the third amended complaint, plaintiff asserts that defendants deprived Yawer of liberty by creating false and/or inaccurate police reports and giving false accounts of the events of June 16, 2014. The Fourteenth Amendment protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV.

Such a claim obviously requires a deprivation of liberty, and defendants argue plaintiff has not established one here. *Cairel v. Alderden*, 821 F.3d 823, 831 (7th Cir. 2016). The Seventh Circuit has held that "a plaintiff who has been released on bond following his arrest and who was later acquitted at trial could not maintain a due process claim for fabrication of evidence" because no liberty interest was implicated. *Cairel*, 821 F.3d at 831 (citing *Saunders-El v. Rohde*, 778 F.3d 556, 561 (7th Cir. 2015)). In *Cairel*, the Seventh Circuit concluded that the plaintiffs were not deprived of liberty, because they were released on bond after a few days in jail and, ultimately, had the charges against them dropped. *Cairel*, 821 F.3d at 831. The Seventh Circuit has explained that "if an officer (or investigating prosecutor) fabricates evidence and puts that fabricated evidence in a drawer, making no further use of it, then the officer has not violated due process; the action did not cause an infringement of anyone's liberty." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012) (citing *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994)). The Seventh Circuit has also noted that "the need to appear in court and attend trial does not constitute such a deprivation [of liberty]." *Cairel*, 821 F.3d at 831.

As defendants point out, plaintiff has not responded to their argument that Yawer was not deprived of a liberty interest. It is undisputed that Yawer was released from Cook County Jail after a few days and that he was never tried. Plaintiff fails to make any argument that Yawer was deprived of liberty, so any such argument is waived. *Burton v. Board of Regents of the Univ. of*

8

*Wis. Sys.*, 851 F.3d 690, 695 (7th Cir. 2017). Accordingly, defendants are entitled to judgment as a matter of law on Count XIV. The Court grants defendants' motion for summary judgment on Count XIV.

## IV. CONCLUSION

For all of these reasons, the Court grants defendants' motion for partial summary judgment [76]. Defendants are granted summary judgment on Counts V, VI, XIII and XIV of plaintiff's third amended complaint.

SO ORDERED.  ENTERED:  March 14, 2019

_____
JORGE L. ALONSO
United States District Judge