UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JWAN YAWER McGREGOR, | ) | |
| as Independent Administrator for the | ) | |
| estate of Shwan Yawer, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 4956 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| CITY OF CHICAGO, VINCENT BURCH, | ) | |
| JAY WOJTASIK, LAURENCE T. STILES, | ) | |
| NICK LYMPERIS, RICHARD BANKUS, | ) | |
| ANA RODRIGUEZ, ANDREW | ) | |
| MAZINTAS, AVIS JAMISON, and | ) | |
| BRIAN SPAIN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pretrial conference held and continued to December 18, 2020 at 2:30 p.m. For the reasons stated in open court, plaintiff's motion [187] is granted. For the reasons stated in open court, plaintiff's motions [186, 191] are denied. For the reasons stated in open court, plaintiff's motions [185, 188, 190, 192] are granted in part and denied in part. Plaintiff's motion [189] is withdrawn. For the reasons stated in open court, defendants' motions [161, 162, 163, 164, 165, 166, 167, 168, 169, 172, 174, 175, 176, 177, 178, 180, 181, 182, 193] are granted. For the reasons stated in open court, defendants' motion [160, 171, 173] are denied without prejudice. For the reasons stated in open court, defendants' motions [160, 170, 179, 183, 184] are granted in part and denied in part.

**STATEMENT**

Plaintiff's motion [185] is granted in part and denied in part. The Court will exclude, without objection, disparaging comments about attorneys; comments about crowded court dockets; opinions of counsel on the merits; comments about damage awards compensating plaintiff's lawyers; comments that the jurors, as taxpayers, pay the verdict; and evidence of insurance policies. The Court will, without objection, exclude witnesses from the courtroom. The Court will exclude evidence of defendants' prior commendations unless plaintiff opens the door. The remainder is denied.

Plaintiff's motion [186] to exclude statements Shwan Yawer made to his medical providers about the night in question is denied.

Plaintiff's motion [188] is granted in part in denied in part. Evidence that Shwan Yawer was arrested for shoving his therapist will be excluded unless plaintiff opens the door by arguing Shwan was never violent or always obeyed the law. Evidence that Shwan Yawer was manipulative is not relevant to liability. Facts suggesting Shwan Yawer sometimes failed to comply with his treatment plan is relevant as to damages. The motion is otherwise denied.

Plaintiff's motion [190] is granted in part and denied in part. Lay witnesses may provide opinion testimony on Shwan Yawer's symptoms so long as they do not give the impression that they are providing a diagnosis, but lay witnesses may not opine as to causation. The Court will exclude evidence of plaintiff's previously-filed motion [docket 122], because it (and any other evidence as to the fact or cause of Shwan Yawer's suicide) is irrelevant. Statements Shwan made in the Social Security hearing are not relevant to liability but are relevant to damages. The remainder of the motion is denied.

Plaintiff's motion [192] is granted in part and denied in part. The Court will exclude arguments that the case could have a negative effect on defendants' careers. The motion to exclude certain statements by Waller is denied.

Defendants' motion [160] is denied without prejudice.

Defendants' motion [161] is granted. The Court excludes evidence or argument as to a general code of silence or blue wall, but plaintiff may put forth evidence of a cover up by these particular defendants.

Defendants' motion [162] is granted. The Court will exclude evidence or argument about other litigation on the subject of police misconduct.

Defendants' motion [163] is granted. The Court will exclude evidence or argument that the City of Chicago or the Chicago Police Department fails to train police officers adequately.

Defendants' motion [164] is granted. The Court excludes the January 13, 2017 Department of Justice report on the Chicago Police Department.

Defendants' motion [165] is granted. Plaintiff's medical expert, Dr. Gerald Shiener, may not opine on the cause of Shwan Yawer's suicide. Neither the fact of nor the cause of Shwan Yawer's suicide is relevant to this case. The jury can know that Shwan Yawer is deceased.

Defendants' motion [167] is granted. Plaintiff may not argue or present evidence that the charges against Shwan Yawer from the night in question were dismissed, false or fabricated.

Defendants' motion [168] is granted. Neither the fact that Shwan Yawer was incarcerated nor any exacerbation of his emotional distress from his incarceration is relevant.

Defendants' motion [184] is granted in part and denied in part. Plaintiff may not argue that the only thing Shwan Yawer did wrong on the night in question was argue with police or that his behavior was not disorderly. That would be inconsistent with his conviction for disorderly conduct and would violate *Heck*. The parties should confer on and submit a proposed jury instruction that is appropriate under *Gilbert*. The remainder of the motion is denied. The parties are at liberty to seek clarification at the continued pretrial conference.

Defendants' motion [170] is granted in part and denied in part. The Court will exclude the June 5, 2018 Instagram post. Although Dr. Shiener may rely on the post in forming his opinion, he may not mention it to the jury.

Defendants' motion [171] is denied without prejudice.

Defendants' motion [172] is granted. Defendant Wojtasik's social media posts are excluded.

Defendants' motion [173] is denied without prejudice. Lay witnesses may provide opinion testimony on Shwan's Yawer's symptoms so long as they do not give the impression that they are providing diagnoses, but lay witnesses may not opine as to causation.

Defendants' motion [174] is granted. The Court excludes evidence or argument that the City of Chicago will indemnify defendants, unless defendants open the door.

Defendants' motion [175] is granted. The Court bars argument that the jury should send a message to the City of Chicago.

Defendants' motion [176] is granted. The Court excludes evidence or argument that the officers were in Shwan Yawer's apartment unlawfully.

Defendants' motion [177] is granted. The Court bars evidence or argument as to Shwan Yawer's mental health prior to the night in question during the liability phase of the trial. Such evidence is admissible during the damages phase.

Defendants' motion [179] is granted in part and denied in part. The Court excludes testimony and argument as to pain experienced by witnesses other than Shwan Yawer (by deposition). The Court excludes hearsay statements Shwan Yawer made to witnesses, but statements Shwan Yawer made to medical providers for and reasonably pertinent to medical diagnosis or treatment are admissible.

Defendants' motion [180] is granted. The Court bars any evidence of, argument about or reference to Shwan Yawer's suicide or suggestions that suicide the was caused by defendants.

Defendants' motion [181] is granted. The Court bars evidence as to the cause of Shwan Yawer's suicide, whether by defendants' expert Dr. Halaris or by Drs. Woodard-Faust or Niezgoda.

Defendants' motion [182] is granted.

Defendants' motion [183] is granted in part and denied in part. The Court excludes evidence of drug use by witnesses other than on the night in question.

Plaintiff's motion [191] to exclude expert witness Dr. Halaris is denied, but Dr. Halaris may not opine on whether Shwan resisted arrest or was subjected to excessive force.

Plaintiff's motion [187] to exclude expert witness Robert Johnson is granted. His first two opinions are irrelevant. His third opinion would be unhelpful to the jury for the reasons stated in open court.

Defendants' motion [178] to exclude Waller is granted. Accordingly, plaintiff's motion [192] to exclude certain statements made by Waller is denied as moot.

Defendants' motion [166] is granted. Dr. Shiener, plaintiff's medical expert, may not opine on whether Shwan Yawer was subjected to excessive force.

Defendants' motion [169] is granted. The Court excludes evidence or argument about police policies instituted after June 16, 2014.

Defendants' motion [193] to bifurcate is granted. The same jury will decide liability and, if necessary, damages. During the liability phase, the jury may hear about physical injuries, including the concussion, but not emotional distress resulting from the concussion.

SO ORDERED.                                              ENTERED: October 28, 2020

_____
JORGE L. ALONSO
United States District Judge